State v. Haight.

THE STATE, THE JERSEY CITY AND BERGEN RAILROAD COMPANY, PROSECUTORS, v. JAMES B. HAIGHT, COLLECTOR.

1. A railroad company, furnishing their own conveyances, carrying nothing but passengers, and charging a certain price as fare, cannot be considered a toll collecting company.
2. The personal property of such company should be taxed in the township or ward where the principal business of such company is transacted.

On *certiorari*. In matter of taxation.

The prosecutors, having been taxed in Jersey City, in 1862, the sum of $1246 on their capital stock, stated in the assessment to be $150,000, brought this *certiorari* to set aside the assessment as erroneous—first, because their capital stock is

exempt from tax by law; second, because they are taxed upon the whole amount of their capital stock in Jersey City, when the whole or greater part of their road is not situate within the said city, and when the whole or greater part of their stockholders do not reside there, and their principal place of business or depot is in the town of Bergen.

For the prosecutors, *A. O. Zabriskie.*

For the defendant, *R. D. McClelland.*

The opinion of the court was delivered by

VAN DYKE, J.    The object of the *certiorari* in this case is to set aside the tax assessed against the company by Jersey City.

I am not able to see any good reason for an entire reversal of this assessment.    The case does not come within the legal provisions adopted in the case of the Jersey City and Bergen Point Plankroad Company, decided at the present term.    It is not a turnpike company in any sense, nor is it a railroad company which collects its tolls in different townships and wards. It cannot be fairly said to collect tolls at all.    Tolls are collected from persons who pass or travel by their own conveyances over the roads or bridges of another.    None do this on the road of the prosecutors.    The prosecutors furnish their own conveyances, and carry nothing but passengers or persons, and charge them a certain price for being carried, known as fare. But if this company is to be considered as a toll collecting company, it has no treasurer, or other financial officer, authorized to discharge its general pecuniary obligations, residing in any other township or ward in the state than Jersey City.

In that city all its general and business meetings are held. There its president and secretary reside and have their offices, so far as they have any, and there is also their treasurer's office, although the treasurer himself is not a resident of this state.    It seems to me, therefore, that Jersey City, and there only, is the proper and legal place for the taxation

of its personal property, which, under the act of 1862, means its capital stock actually paid in, if it still has it, and its accumulated surplus, if any there be.

But the company in this case is assessed on a paid in capital of $150,000, whereas it appears by the evidence of the treasurer, unquestioned by any one, that the whole amount of the capital paid in is but $63,000.

I think, therefore, that the assessment should be affirmed, except that the amount should be reduced to conform to the amount of capital actually paid in.

Assessment affirmed.